[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE
The plaintiff, Vincent Larobina, filed a two-count complaint on December 6, 1995, alleging that the defendant engaged in abusive, harassing, fraudulent, deceptive and misleading debt collection practices in violation of the Creditor's Collection Practices Act (CCPA) General Statutes § 36a-646, Connecticut Department of Banking Regulations, General Statutes § 36-243c-1 et seq. and Connecticut Unfair Trade Practices Act § 42-110a(3) and (4). The defendant filed an answer and CT Page 1328 affirmative defense on February 3, 1996. The plaintiff filed a motion to strike the defendant's affirmative defense on January 18, 1996, and the defendant filed an opposition to the motion to strike on February 12, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorable to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC Group, Inc., supra, 224 Conn. 215.
The defendant's special defense alleges that the count alleging violation of the CPPA, General Statutes § 36a-646
does not provide for a private right of action. In ConnecticutNational Bank v. Montanari, Superior Court, Judicial District of Hartford/New Britain at Hartford Docket No. 517808 (Jan. 26, 1994) the court held that the Act does not explicitly provide the debtor with a private right of action. The legislative history demonstrates that the legislature rejected the inclusion of a private remedy in the Act. Early drafts of the bill included a section which would provide a private right of action, but the section was removed for the following reasons: "The amendment removes Section 4 which authorized the recovery of damages by a consumer for violations of the Act. It was felt that at the present time, the commissioner, the Bank Commissioner, has enough powers to enforce the law and it would not be necessary for direct action by the consumer." Senator Dinielli, 20 S. Proc., Pt. 5, 1977 Sess., p. 1989. See also Delaney v. Budget Rent A Car, Superior Court, Judicial District of New Haven, Docket No. 212913 (October 11, 1993, Celotto, J.); Dime Savings Bank v. D'Agostino, Superior Court, Judicial District of New Haven, Docket No. 324066 (July 20, 1992, Celotto, J.). CT Page 1329
However, without addressing the issue of whether a private right of action is permitted, the court in Tillquist v. FordMotor Credit Company, 714 F. Sup. 607 (D.Conn. 1989) and inGaynor v. Union Trust Co., 216 Conn. 458, 590 A.2d 112 (1990) found violations of the CPPA.
Accordingly, since the legislative history is fairly clear that the act is to be enforced by the Commissioner of Banking the motion to strike is denied.
Ryan, J.